**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

<u>**CIVIL MINUTES – GENERAL**</u>

Case No. SACV 14-0863-DOC (DFMx)            Date: June 5, 2014

Title: SARA EVA COPELAN SHALLMAN V. OCWEN LOAN SERVICING, LLC., ET AL.

PRESENT: <u>THE HONORABLE DAVID O. CARTER, JUDGE</u>

     <u>Julie Barrera</u>                       <u>Not Present</u>
      Courtroom Clerk                    Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFF:    ATTORNEYS PRESENT FOR DEFENDANT:
           None Present                              None Present

**PROCEEDINGS (IN CHAMBERS):    ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION [1]**

      Before the Court is pro se Plaintiff Sara Eva Copelan Shallman ("Ms. Shallman's") Motion for a Temporary Restraining Order and Preliminary Injunction ("Motion" or "Mot."). Having considered the motion, it is DENIED by the Court.

**I. BACKGROUND**

      For the past eight years, Ms. Shallman has lived in her home in Los Alamitos, California, along with her mother. Mot. at 1. Ms. Shallman has raised several children and survived an abusive husband. *Id.* at 1-3.

      In 2006, Ms. Shallman married Michael Shallman ("Mr. Shallman"). *Id.* at 5. However, Mr. Shallman's health declined and he was unable to work. *Id.* at 6. In 2008, Mr. and Ms. Shallman applied for a loan modification from Litton Loan Servicing ("Litton"), their mortgage loan servicer. *Id.* They continued to make timely payments, but Litton "ignored their countless requests for the agreed upon permanent loan modification." *Id.* Mr. Shallman passed away in 2010. *Id.* at 7.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 14-0863-DOC (DFMx)            Date: June 4, 2014

Page 2

       Ms. Shallman missed a loan payment and tried to explain the circumstances to Litton. *Id.* Litton refused to "transfer[] the trial loan modification to permanent loan in accordance with their agreement." *Id.* at 8. Ms. Shallman tried to send another mortgage payment, but it was refused. *Id.* Litton also gave Ms. Shallman conflicting information about the documents needed to have her modification approved. *Id.*

       Ms. Shallman's home is now scheduled for a trustee's sale on June 5, 2014. *Id.* at 10. Ms. Shallman did not file a complaint along with the Motion and, therefore, the Court cannot ascertain the claims she is asserting.

       The day before the trustee's sale, Ms. Shallman now moves the Court for a temporary restraining order and preliminary injunction to prevent Defendants from foreclosing on her home. *Id.*

## II. LEGAL STANDARD

       Courts may grant preliminary injunctive relief in order to prevent "immediate and irreparable injury." Fed. R. Civ. P. 65(b)(1)(A). The decision to grant or deny a preliminary injunction is within the discretion of the district court. *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011). Preliminary injunctive relief is "never awarded as of right." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008).

       In the Ninth Circuit, a plaintiff is entitled to a preliminary injunction if she satisfies either of two tests: (1) the *Winter* factor test; or (2) the "sliding scale" test, also referred to as the "serious questions" test.[1][2] *See Alliance for the Wild Rockies*, 632 F.3d at 1135.

---

[1] A plaintiff may also obtain a preliminary injunction without satisfying either of these two tests if a statute provides for a lesser showing. *See e.g., Tennessee Valley Authority v. Hill*, 437 US 153, 194 (1978); *United States v. Estate Pres. Services*, 202 F.3d 1093, 1098 (9th Cir. 2000) ("The traditional requirements for equitable relief need not be satisfied since Section 7408 expressly authorizes the issuance of an injunction.").

[2] In *Alliance for the Wild Rockies*, the Ninth Circuit followed the overwhelming majority of circuits to hold that the sliding scale test survived the Supreme Court's decision in *Winter*. *See Alliance for the Wild Rockies*, 632 F.3d at 1135 (reversing denial of preliminary injunction because district court's failure to apply the "serious questions" test was "an error of law"); *Hoosier Energy Rural Elec. Co-op., Inc. v. John Hancock Life Ins. Co.*, 582 F.3d 721, 725 (7th Cir. 2009) (Easterbrook, J.) ("[T]he more net harm an injunction can prevent, the weaker the plaintiff's claim on the merits can be while still supporting some preliminary relief."); *Citigroup Global Mkts., Inc. v. VCG Special Opportunities Master Fund Ltd.*, 598 F.3d 30, 35 (2d Cir. 2010) ("Because the moving party must not only show that there are 'serious questions' going to the merits, but must additionally establish that 'the balance of hardships tips decidedly' in its favor, its overall burden is no lighter than the one it bears under the 'likelihood of success' standard.") (emphasis in original); *but cf. Real Truth About Obama, Inc., v. Fed. Election Comm'n*, 575 F.3d 343,

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV 14-0863-DOC (DFMx)                                                          Date: June 4, 2014

Page 3

Under the *Winter* factor test, a plaintiff is entitled to a preliminary injunction if she establishes that: (1) she is "likely to succeed on the merits"; (2) the "balance of equities tips in [plaintiff's] favor"; (3) she is "likely to suffer irreparable harm in the absence of preliminary relief"; and (4) a preliminary injunction is in the public interest. *Winter*, 555 U.S. at 20; *Save Our Sonoran, Inc. v. Flowers*, 408 F.3d 1113, 1120 (9th Cir. 2005).

Under the sliding scale test, a plaintiff is entitled to a preliminary injunction if she establishes: (1) "serious questions going to the merits"; (2) "a balance of hardships that tips sharply towards the plaintiff"; (3) "a likelihood of irreparable injury"; and (4) a preliminary injunction is in the public interest. *Alliance for the Wild Rockies*, 632 F.3d at 1135 (noting that the last two factors are identical to two of the factors in *Winter*).

If the application for the temporary restraining order is made *ex parte*, Rule 65 mandates an additional showing that: (1) "immediate and irreparable injury. . . will result to the movant before the adverse party can be heard in opposition;" and (2) the movant must explain in writing the reasons why notice should not be required. Fed. R. Civ. P. 65(b)(1); *Reno Air Racing Ass'n, Inc. v. McCord*, 452 F.3d 1126, 1130-31 (9th Cir. 2006). The standard for issuing a temporary restraining order without notice to the adverse party is very stringent, and the burden on the movant to show why notice is not required is accordingly very high. *See Granny Goose Foods, Inc. v. Broth. of Teamsters & Auto Truck Drivers Local No. 70 of Alameda Cnty.*, 415 U.S. 423, 439 (1974) ("[O]ur entire jurisprudence runs counter to the notion of court action taken before reasonable notice and an opportunity to be heard has been granted both sides of a dispute."); *Reno Air Racing Ass'n*, 452 F.3d at 1131 ("[C]ircumstances justifying the issuance of an ex parte order are extremely limited.").

The most common reasons for issuing an *ex parte* temporary restraining order are "where notice to the adversary party is impossible either because the identity of the adverse party is unknown or because a known party cannot be located in time for a hearing" and "a very narrow band of cases in which ex parte orders are proper because notice to the defendant would render fruitless the further prosecution of the action." *Am. Can Co. v. Mansukhani*, 742 F.2d 314, 322 (7th Cir. 1984).

---

347 (4th Cir. 2009) (holding that the "sliding scale approach" does not survive the Winter decision) *vacated on other grounds by* 130 S.Ct. 2371 (2010).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 14-0863-DOC (DFMx)                                                                           Date: June 4, 2014

Page 4

### III. ANALYSIS

The Court has no doubt that Ms. Shallman has braved a difficult life and still faces tragic circumstances.

But, even if the Court assumed that a showing of irreparable harm has been made, it simply lacks the information to conduct the rest of the analysis that is required before issuing a temporary restraining order or preliminary injunction. Specifically, each test requires courts to evaluate the merits of a lawsuit and the likelihood of a plaintiff's success. *See Winter*, 555 U.S. at 20; *Alliance for the Wild Rockies*, 632 F.3d at 1135. Here, Ms. Shallman has not filed a complaint. Therefore, the Court cannot even consider whether a temporary restraining order or preliminary injunction should issue. Accordingly, Ms. Shallman's Motion is DENIED.

If Ms. Shallman wants the Court to consider her motion for a temporary restraining order or preliminary injunction, she must file a complaint so that the Court can determine whether she is entitled to either types of relief.

### IV. DISPOSITION

For the reasons explained above, the Court hereby DENIES Plaintiff's Motion for a Temporary Restraining Order and Preliminary Injunction.

The Clerk shall serve this minute order on the parties.

Clerk's Initials: jcb